UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JP MORGAN CHASE BANK, N.A.,

    Plaintiff,

v.                                     Case No. 3:22-cv-337-TJC-LLL

INGRID M. HENDRICKS,

    Defendant.

## O R D E R

This case is before the Court on Defendant Ingrid M. Hendricks' Emergency Request for a Temporary Restraining Order ("TRO Request") and Notice of Removal of Action Pursuant to 28 U.S.C. § 1443. Hendricks brings the TRO Request under Florida Rule of Civil Procedure 1.540(b). Her argument relies on cases and citations related to the provision of a bond under Florida law, and the due process requirements of appeal. These citations are irrelevant to a motion for a TRO in this federal Court. The Court is familiar with Hendricks' situation from a related case still pending in this court, <u>Hendricks et al v. Deutsche Bank National Trust Company</u>, 3:19-cv-1459-TJC-LLL.[1]

---

[1] Hendricks did not provide a mailing address, email address, or other means of contact when she filed this removal in-person in the Clerk's Office. Therefore, the Court relies upon two mailing addresses from other cases in which she is a party.

There are numerous procedural deficiencies with Hendricks' TRO Request. It does not include a complaint, nor a state court docket, nor any information about the writ she seeks to stay. The Motion does not include a proposed order, as required by Local Rules 6.01 and 6.02.

Based on her opaque filings, it appears that Hendricks is attempting to appeal, or at least to continue to delay, the state court's foreclosure judgment. "By entering [a] judgment[ ] of foreclosure, the Florida state court[ ] determined the foreclosure[ ] [was] proper. The[ ] state court[ ] exercised [its] authority over state law and found the foreclosing part[y] satisfied Florida's procedural safeguards." Figueroa v. Merscorp., Inc., 766 F. Supp. 2d 1305, 1324 (S.D. Fla. 2011). It appears that Hendricks seeks to have the federal court review precisely the state law claims that were adjudicated in state court. Thus, Hendricks' claim for injunctive relief in federal court could succeed only if the federal court were to decide "that the state court wrongly decided the issues, which the Rooker-Feldman doctrine specifically prohibits." Flournoy v. Government National Mortgage Assoc., 156 F. Supp. 3d 1375, 1381 (S.D. Fla. 2016) (quoting Casale v. Tillman, 558 F. 3d 1258, 1260 (11th Cir. 2009)). See also Target Media Partners v. Specialty Marketing Corp., 881 F.3d 1279 (11th Cir. 2018). Hendricks does not raise any other (or in fact any) grounds for the issuance of a TRO. Because the Court does not find that Hendricks can show a substantial likelihood of success on the merits, she is unable to demonstrate the

requirements for securing emergency injunctive relief. See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (setting out four-part test to secure temporary restraining order or preliminary injunction).

Additionally, even in the absence of a challenge to removal, the Court has a duty to independently evaluate subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Although Hendricks' notice of removal states this case is removed based on diversity jurisdiction, she provides no further information as to the parties, their citizenship, or the basis for any allegation as to the amount in controversy, thus failing to show that the Court has jurisdiction over the case. See Alliant Tax Credit 31, Inc v. Murphy, 924 F.3d 1134, 1143 (11th Cir. 2019) ("The party invoking federal jurisdiction 'must prove, by a preponderance of the evidence, facts supporting the exercise of jurisdiction.'") (quoting Caron v. NCL (Bahamas), Ltd., 910 F.3d 1359, 1363–64 (11th Cir. 2018)).

Accordingly, it is hereby

**ORDERED:**

1. The Emergency Request for a Temporary Restraining Order (Doc. 2) is **DENIED**.

2. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

3. After remand has been effected, the Clerk shall terminate any motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 24th day of March, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

agb
Copies:

Clerk, Fourth Judicial Circuit, Duval County

GrayRobinson, P.A.
401 East Las Olas Blvd.
Suite 1000
Fort Lauderdale, FL 33301

Pro se plaintiff:
Ingrid M. Hendricks
1439 Creek Point Blvd.
Jacksonville, FL 32218

Ingrid M. Hendricks
7990 Baymeadows Road, Unit 1105
Jacksonville, FL 32256